UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOE PATRICK FLARITY, | CASE NO. 3:20-cv-05219-RBL |
| Plaintiff, | ORDER ON REVIEW OF MOTION FOR RECUSAL |
| v. | |
| STATE OF WASHINGTON, | |
| Defendant. | |

On June 15, 2020, Plaintiff Joe Patrick Flarity filed a Motion seeking to disqualify the Honorable Ronald B. Leighton in this matter. Dkt. #56. On July 2, Judge Leighton issued an Order declining to recuse himself and, in accordance with this Court's Local Rules, referring that decision to the Chief Judge for review. Dkt. #68; LCR 3(f).

A judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). Federal judges also shall disqualify themselves in circumstances where they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1). Pursuant to 28 U.S.C. § 144, "whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse

1  party, such judge shall proceed no further therein, but another judge shall be assigned to hear
2  such proceeding." "[A] judge's prior adverse ruling is not sufficient cause for recusal." *United*
3  *States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Taylor v. Regents of Univ. of Cal.*,
4  993 F.2d 710, 712 (9th Cir. 1993) ("To warrant recusal, judicial bias must stem from an
5  extrajudicial source.").

6        Plaintiff asserts that Judge Leighton is ruling on his motions too quickly, that he is a
7  member of the WSBA which has "some obvious problems," and because of perceived bias being
8  an associate of another judge who heard a traffic ticket case brought by Plaintiff ten years ago.
9  *See* Dkt. #56 at 4.  The association appears to be simply that Judge Leighton is a federal judge in
10 Tacoma, the same location of the prior case.  Plaintiff also superficially attacks Judge Leighton's
11 analysis of *ex parte Young* doctrine cases.  *Id.* at 5.

12       The Court finds that Plaintiff has failed to present any reasonable basis to grant the
13 requested relief.  Ruling swiftly on motions and being a member of the WSBA cannot on their
14 own lead any reasonable person to perceive bias.  Plaintiff does not adequately identify any
15 extrajudicial source of bias from the traffic ticket case ten years ago.  Further, any prior adverse
16 rulings in this case are not sufficient cause for recusal and are properly addressed on appeal.
17 Plaintiff otherwise fails to present sufficient evidence of bias.

18       Accordingly, the Court hereby finds and ORDERS that Judge Leighton's refusal to
19 recuse himself from this matter is AFFIRMED.

20       DATED this 23rd day of July, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE